UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BROOKS BANKER,

    Plaintiff,

  v.

AMY AI, 51 WEST 81st STREET CORP.,
RUDD REALTY MANAGEMENT CORP.,
ESTHER ZELMANOVITZ,
STANLEY TISCHLER and LOIS EBIN,

    Defendants.

------------------------------------------------------------X

06 CV 4998
(BSJ)

(ECF CASE)

**ANSWER**

  Defendant AMY AI, by her attorneys DAWN M. CARDI & ASSOCIATES, as and for her answer to the Complaint states as follows:

### **Parties**

  1. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.

  2. Admits the allegations in paragraph 2.

  3. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.

  4. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.

  5. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

## Jurisdiction

8. The allegations in paragraph 8 are conclusions of law as to this Court's jurisdiction that Defendant Ai is not required to admit or deny.

## Summary of the Complaint

9. Denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10, except admits that plaintiff is 76 years old, that defendant Ai is 53 years old, and that defendant Ai works as a real estate broker; and, states that she lacks knowledge and information sufficient to form a belief as to whether plaintiff currently is retired.

11. Denies the allegations in paragraph 11, and further states that said property was declared to be the separate property of defendant Ai pursuant to Decision and Order of the Hon. Phyllis Gangel-Jacob, Supreme Court, New York County, filed September 12, 1996, confirming Report of Allen Murray Myers, J.H.O. dated May 8, 1996, and incorporated by reference into a Judgment of Divorce filed January 31, 1997, and affirmed on appeal in Banker v. Banker, 248 A.D.2d 144 (1st Dept. 1998).

12. Denies the allegations in paragraph 12, except admits that in or about January, 2006, she signed a contract to sell Apartment 8G and that the purchase price was $425,000.

13. Lacks knowledge and information sufficient to form a belief as to the truth of the

allegations in paragraph 13.

14. The allegations in paragraph 14 are conclusions of law as to the effect of a document which defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

15. Denies the allegations in paragraph 15, excepts admits that a closing was held on May 24, 2006.

16. Lacks knowledge and information sufficient to form a belief as to the truth of the allegation in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Denies the allegations in paragraph 19.

20. The allegations in paragraph 20 are recitations of the legal foundations upon which plaintiff bases his claims and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

21. The allegations in paragraph 21 are recitations of the legal foundations upon which plaintiff bases his claims and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

### Allegations as to Defendant Amy Ai

22. Admits the allegations in paragraph 22.

23. Denies the allegations in paragraph 23, except states that she is a licensed real estate broker.

3

24. With regard to the allegations in paragraph 24, admits that the parties were married on January 3, 1981 and were divorced by Judgment entered in the Supreme Court New York County on January 31, 1997; and, denies the remaining allegations.

25. Denies the allegations in paragraph 25, except admits that defendant Ai acquired Apartment 8G on or about September 27, 1979.

26. Lacks knowledge and information sufficient to from a belief as to the truth of the allegation in paragraph 26.

27. Denies the allegations in paragraph 27, and further states that said property was declared to be the separate property of defendant Ai pursuant to Decision and Order of the Hon. Phyllis Gangel-Jacob, Supreme Court, New York County, filed September 12, 1996, confirming Report of Allen Murray Myers, J.H.O. dated May 8, 1996, and incorporated by reference into a Judgment of Divorce filed January 31, 1997, and affirmed on appeal in Banker v. Banker, 248 A.D.2d 144 (1St Dept. 1998).

28. Admits the allegations in paragraph 28.

29. Declines to deny or admit the allegations in paragraph 29 on the grounds that being required to answer said allegations may infringe upon her Fifth Amendment privilege against self-incrimination.

30. Lacks knowledge and information sufficient to from a belief as to the truth of the allegation in paragraph 30, and further states that said property was declared to be the separate property of defendant Ai pursuant to Decision and Order of the Hon. Phyllis Gangel-Jacob, Supreme Court, New York County, filed September 12, 1996, confirming Report of Allen Murray Myers, J.H.O. dated May 8, 1996, and incorporated by referenced into a Judgment of

Divorce filed January 31, 1997, and affirmed on appeal in <u>Banker v. Banker</u>, 248 A.D.2d 144 (1st Dept. 1998).

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32, and further states that said property was declared to be the separate property of defendant Ai pursuant to Decision and Order of the Hon. Phyllis Gangel-Jacob, Supreme Court, New York County, filed September 12, 1996, confirming Report of Allen Murray Myers, J.H.O. dated May 8, 1996, and incorporated by referenced into a Judgment of Divorce filed January 31, 1997, and affirmed on appeal in <u>Banker v. Banker</u>, 248 A.D.2d 144 (1st Dept. 1998).

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35, except admits that plaintiff did not receive any proceeds from the sale of Apartment 8G.

36. Declines to deny or admit the allegations in paragraph 36 on the grounds that being required to answer said allegations may infringe upon her Fifth Amendment privilege against self-incrimination.

37. Denies the allegations in paragraph 37.

38. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Admits the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49, except admits that defendant Ai received "checks drawn to her."

50. Denies the allegations in paragraph 50, except admits that she "paid no part of the proceeds of the Checks to Plaintiff."

51-52. Declines to deny or admit the allegations in paragraphs 51-52 on the grounds that being required to answer said allegations may infringe upon her Fifth Amendment privilege against self-incrimination, and further states that said property was declared to be the separate property of defendant Ai pursuant to Decision and Order of the Hon. Phyllis Gangel-Jacob,

Supreme Court, New York County, filed September 12, 1996, confirming Report of Allen Murray Myers, J.H.O. dated May 8, 1996, and incorporated by referenced into a Judgment of Divorce filed January 31, 1997, and affirmed on appeal in <u>Banker v. Banker</u>, 248 A.D.2d 144 (1st Dept. 1998).

53. Denies the allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

### Allegations as to Esther Zelmanovitz

55. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. With regard to the allegations in paragraph 56, admits that Defendant Zelmanowitz represented Defendant Ai in connection with the sale of Apartment 8G and denies the remaining allegations.

57-64. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 57-64.

65. Declines to admit or deny the allegations in paragraph 65 on the grounds that to require her to reply would infringe upon her right to attorney-client privilege.

66-68. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 66-68.

69. The allegations in paragraph 69 are conclusions of law and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

70. Denies the allegations in paragraph 70.

### Allegations as to 51 West 81st Street Corp

71. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72. The allegations in paragraph 72 are conclusions of law and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

73. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74-75. The allegations in paragraphs 74-75 are conclusions of law and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

76. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. The allegations in paragraph 78 are conclusions of law and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

79-86. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 79-86.

87. Denies the allegations in paragraph 87.

## Allegations as to Rudd Realty Management Corp.

88. Admits the allegations in paragraph 88.

89. The allegations in paragraph 89 are conclusions of law and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

90. Admits the allegations in paragraph 90.

91. The allegations in paragraph 91 are conclusions of law and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

92-105. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92-105.

106. Denies the allegations in paragraph 106.

## Allegations as to Stanley Tischler

107. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108. The allegations in paragraph 108 are conclusions of law and defendant Ai is not required to admit or deny; to the extent that a response is required defendant Ai denies the allegations.

109-111. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 109-111.

112. Denies the allegations in paragraph 112.

### Allegations as to Lois Ebin

113-124. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 113-124.

### Claims Against Amy Ai

125. Denies the allegations in paragraph 125.

### Claims Against Zelmanovitz

126. Because defendant Ai is not named as a defendant in the claim in paragraph 126, no response to the allegations is required; to the extent that one is required, the allegations are denied.

### Claims Against 51 West 81st Street Corp

127. Because defendant Ai is not named as a defendant in the claim set forth in paragraph 127, no response to the allegations is required; to the extent that one is required, the allegations are denied.

### Claims Against Rudd Realty Management Corp

128. Because defendant Ai is not named as a defendant in the claim set forth in paragraph 128, no response to the allegations is required; to the extent that one is required, the allegations are denied.

### Claims Against Stanley Tischler

129. Because defendant Ai is not named as a defendant in the claim set forth in paragraph 129, no response to the allegations is required; to the extent that one is required, the allegations are denied.

### Claims Against Lois Ebin and 51 West 81st Street Corp.

130. Because defendant Ai is not named as a defendant in the claim set forth in paragraph 130, no response to the allegations is required; to the extent that one is required, the allegations are denied.

131. Deny each and every allegation of the Complaint not specifically admitted above.

### As and For A First Affirmative Defense

132. Plaintiff has failed to state a cause of action upon which relief may be granted.

### As and For a Second Affirmative Defense

133. Plaintiff's claims are barred in whole or part by the doctrine of res judicata.

134. From in or about 1988 through 1997, plaintiff and defendant Ai were involved in matrimonial litigation, to wit, <u>Banker v. Banker</u>, Index No. 66022/88, Supreme Court, New York County.

135. In <u>Banker v. Banker</u>, plaintiff asserted, among other things, a claim that he was entitled to an ownership interest in Apartment 8G, 51 West 81st Street, New York, New York.

136. Defendant Ai asserted a claim that Apartment 8G, 51 West 81st Street, New York, New York, constituted her separate property.

137. A trial was held before Judicial Hearing Officer Allen Murray Myers on or about December 7, 8, 11, 12, 14, 18, 19, 20, 1995 and January 25, 1996, and February 8, 1996.

138. Plaintiff appeared by counsel at said trial and had an opportunity to present evidence and cross-examine witnesses. Plaintiff's claim that he had an ownership interest in

Apartment 8G, 51 West 81st Street, New York, New York, was actually litigated.

139. In his report dated May 8, 1996 ("JHO Report"), JHO Myers ruled that "[Amy Ai's] claims to separate property are resolved in her favor."

140. Plaintiff filed a motion to reject the JHO Report.

141. By Decision and Order filed September 12, 1996 ("Decision and Order"), the Hon. Phyllis Gangel-Jacob, Supreme Court, New York County, confirmed the JHO Report "in its entirety."

142. The JHO Report was thereafter incorporated by reference into Findings of Fact and Conclusions of Law and Judgment dated November 27, 1996.

143. Plaintiff thereafter appealed the Judgment to the Supreme Court, Appellate Division, First Department, which brought up for review the Decision and Order.

144. The Decision and Order was unanimously affirmed on the merits and the appeal was dismissed. Banker v. Banker, 248 A.D.2d 144 (1st Dept. 1998).

145. The foregoing constitute a final judgment on the merits that Apartment 8G, 51 West 81st Street, New York, New York was defendant Amy Ai's separate property.

### As and For A Third Affirmative Defense

146. Defendant Ai repeats and reasserts the allegations of paragraphs 134-145.

147. Plaintiff's claims are barred in whole or part by the doctrines of estoppel and preclusion.

### As and For a Fourth Affirmative Defense

148. Defendant Ai repeats and reasserts the allegations of paragraphs 134-145.

149. Plaintiff does not have an ownership interest in Apartment 8G, 51 West 81st Street,

New York, New York, and lacks standing to assert the claims herein.

### As and For a Fifth Affirmative Defense

150. Defendant Ai repeats and reasserts the allegations of paragraphs 134-145.

151. Plaintiff does not have an ownership interest in Apartment 8G, 51 West 81st Street, New York, New York, and could not be damaged by any acts related to the sale of said property.

### As and For a Sixth Affirmative Defense

152. Defendant Ai repeats and reasserts the allegations of paragraphs 134-145.

153. Plaintiff's claims are barred in whole or part by the doctrine of waiver.

### As and For a Seventh Affirmative Defense

153. Defendant Ai repeats and reasserts the allegations of paragraphs 134-145.

154. The parties do not have a special relationship which would give rise to a fiduciary duty.

WHEREFORE, defendant Amy Ai respectfully requests that the Court enter judgment dismissing the Complaint in its entirety, awarding defendant Amy Ai her costs, disbursements and attorneys' fees, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 22, 2006

              DAWN M. CARDI & ASSOCIATES

By: *Dawn M. Cardi*
   Dawn M. Cardi (3508)
   2 Park Avenue, 19th Floor
   New York, New York 10016
   (212) 481-7770
   Attorneys for Defendant Amy Ai