```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BROOKS BANKER,                      :
                Plaintiff,          :
                                    :    06-CV-4998(BSJ)
                                    :
                                    :        **Order**
                                    :
AMY AI, 51 WEST 81ST STREET CORP.,  :
RUDD REALTY MANAGEMENT CORP.,       :
ESTHER ZELMANOVITZ,                 :
STANLEY TISCHLER,                   :
and LOIS EBIN,                      :
                Defendants.         :
------------------------------------x
```
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Amy Ai ("Ai") and Brooks Banker ("Banker") married in 1981 and divorced in 1996.[1] Prior to their marriage, Banker and Ai purchased, and owned as tenants-in-common, Apartment 8G in a residential co-operative building at 51 West 81st Street, New York, NY (the "Apartment"). Ten years after their divorce, Ai sold the Apartment to Lois Ebin ("Ebin"). In the matter before this Court, Banker alleges that he was not informed of the sale of the Apartment to Ebin and that Ai forged his signature when she conveyed the property. Banker now seeks damages and to recover the shares to and possession of the Apartment.

In a Complaint dated June 28, 2006 (the "Complaint"), Banker asserts claims against Ai and Ebin, as well as the real estate attorney that assisted with the sale, the co-op managing

---
[1] In the Complaint, Banker sets forth that he is a resident of Pennsylvania, that Ai is a resident of the State of New York, and that the other defendants to this action are all residents of New York or New York corporations.

agent, and the notary who allegedly assisted in the forgery. Presently before the Court is Ebin's motion to dismiss Plaintiff's cause of action against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Ebin argues that Banker's interest in the Apartment was litigated during the New York State court divorce proceedings between Banker and Ai and that the Apartment was determined to be Ai's separate property during those proceedings. Accordingly, Ebin argues that Banker had no interest in the Apartment following the divorce and that his claims against her must be dismissed. In the alternative, she argues that even if he owned the apartment as a tenant-in-common with Ai following the divorce, he may not maintain an action for replevin or ejectment.

For the reasons stated herein, Ebin's motion to dismiss is DENIED.

## Background[2]

Banker and Ai purchased the Apartment in September of 1979, subject to the tenancy of a rent-stabilized or rent-controlled tenant. The Co-op issued a share certificate, naming Banker and Ai on the 333 shares appurtenant to Apartment 8G. Banker and Ai married two years later, and divorced in 1996.

---

[2] This factual summary is drawn from the Complaint, the factual allegations of which are accepted as true for the purpose of deciding this motion.

During the divorce proceedings, the New York Supreme Court appointed a Judicial Hearing Officer (the "JHO") "to hear and report" on "the issues of equitable distribution and all financial and other issues in [the case]." Def.'s Ex. 3 at 1 (JHO Report dated May 8, 1996).[3] After the JHO conducted a hearing, Ai submitted a post-trial memorandum outlining her arguments and the relief she sought from the court. Def.'s Ex. 4 (Plaintiff's Post-Trial Memorandum of Law dated April 5, 1996). In Ai's memorandum she requested that the Apartment, along with several other properties, be deemed "separate property" and exempted from equitable distribution under New York law. Id. at 4-12. The JHO agreed with Ai, recommending, "that the Court award to Plaintiff [Ai] the relief requested in her Post-Trial Memorandum." Def.'s Ex. 3 at 3. While the JHO Report does not specifically name Apartment 8G, the Report does state that Ai's "claims to separate property are resolved in her favor." Id.

Banker moved for the Supreme Court of the State of New York to set aside the JHO report and to either grant a new trial or make new findings of fact. See Def.'s Ex. 5 at 2. The Supreme Court, however, noting the presumptive validity of the JHO's

---

[3] These facts are drawn from documents generated by the divorce proceedings. Banker objects to the use of documents extrinsic to the complaint to resolve the instant motion, but for reasons stated infra, the Court is free to take judicial notice of these documents because they are public records.

3

findings of fact, rejected Banker's motion, and, instead, adopted and confirmed the JHO's report in its entirety. Id. at 2-3. Banker appealed. The Appellate Division, however, unanimously affirmed the Supreme Court's decision. Banker v. Banker, 670 N.Y.S.2d 67 (App. Div. 1st Dep't 1988).

Ten years later, at a closing held on May 24, 2006, Ai sold the Apartment to Ebin for $425,000 without informing Banker. At the closing, Amy Ai received four checks drawn to her alone in the total sum of $414,617, none of which Ai distributed to Banker. On June 9, 2006, at his residence in Pennsylvania, Plaintiff received a letter from the Managing Agent of the building refunding maintenance for Apartment 8G. Upon asking the Managing Agent about the letter, Banker learned that the apartment had been sold on May 24, 2006, and that his interest had been terminated.

According to the Complaint, a durable power of attorney was prepared on May 10, 2006, whereby Plaintiff was purported to appoint Ai as his attorney-in-fact. Banker alleges his signature was forged on this document, and that it was otherwise defective. Banker also alleges that the affidavit signed by Ai at the closing in which she swore she was Banker's duly appointed agent in the sale was perjurious. Accordingly, Banker brought this diversity suit seeking damages against Amy Ai for forgery, fraud, misrepresentation, breach of fiduciary duty and

4

conversion; against Amy Ai's lawyer for legal malpractice, gross negligence and recklessness; against the Co-op and the Managing Agent for gross negligence, recklessness, breach of fiduciary duty, breach of contract and breach of covenant of good faith and fair dealing; and against the Notary for negligence.

With respect to Ebin, Banker brings an action for ejectment to recover possession of the apartment and for replevy of the co-op shares. He seeks an order voiding the transfer of Apartment 8G and directing the restoration of the Apartment to its prior condition. Specifically, Banker argues that because Ai forged his signature on the contract of sale and on a durable power of attorney form, the sale of the property was void, entitling him to eject Ebin from the property and to recover his interests in the property's title.

**Discussion**

I. Legal Standard

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). A motion to dismiss may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44

(2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Weisman v. LeLandais, 532 F.2d 308, 311 (2d Cir. 1976) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

II. Discussion

    a. The Record From the Divorce Proceedings

Ebin urges this Court to look beyond the Complaint in the present action—and its reference to the fact that the final divorce judgment does not expressly mention Apartment 8G—in order to determine whether the issue of title to Apartment 8G was addressed in the divorce proceedings. Specifically, Ebin argues that the list of separate property set forth by Ai in her Post-Trial Memorandum to the JHO, as incorporated by the JHO and subsequently affirmed by New York State courts on appeal, can be considered by this Court to establish that Banker did not maintain an ownership interest in the Apartment following the divorce. As such, Ebin argues that the cause of action asserted against her must be dismissed.

In general, on a motion to dismiss, a court may not look beyond "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citing Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)). However, extrinsic materials may be considered by a court on a motion to dismiss without converting to a motion for summary judgment where such materials are "integral to the complaint" or "an appropriate subject for judicial notice." Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 156 (2d Cir. 2006).[4] Materials are integral to a complaint where the plaintiff relied on the terms and effect of a document in drafting the complaint. See id. (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)).[5]

Banker appears to concede that one of the four documents from the state court divorce proceedings—the Matrimonial Judgment—could possibly be considered "integral" by this Court, as Banker set forth in the Complaint that the Apartment was not "mentioned" in the final divorce judgment in Banker v. Banker. Compl. ¶ 11. Yet, Banker objects to Ebin's reference to this and three other documents from his divorce proceedings: (1) the report of the JHO assigned to the case; (2) Ai's Post Trial Memorandum of Law; (3) and the "Decision and Order" of the

---

[4] "The conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory.'" Id. at 155 (citations omitted).
[5] With respect to public records of which it may take notice, such documents may be used to "establish the fact of such litigation and related findings" but "not for the truth of the matters asserted in the other litigation." Global Network, 458 F.3d at 157.

7

matrimonial court. Banker's opposition to the Court's consideration of these documents is misguided, however. Banker's Complaint is premised on his continued ownership interest in the Apartment following the divorce: he sets forth in its eleventh paragraph that the Apartment was not "mentioned" in the divorce judgment and that "after their divorce, Plaintiff and Amy Ai continued to own Apartment 8G as tenants in common." Compl. ¶ 11. The written court decisions in the divorce proceedings and the documents contained therein are certainly "integral" to the entire basis of Banker's Complaint, as he would have undoubtedly relied on "terms and effect" of the various judicial determinations regarding the Apartment in describing his ownership interest following the divorce. See Global Network, 458 F.3d at 156; see also Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002) ("We may also look to public records-such as the state court's divorce decree, which we note was also incorporated in complaint by reference-in deciding a motion to dismiss.").[6]

---

[6] Although some of these documents are still under seal and are not readily accessible by the public, Banker's participation in the divorce proceedings precludes any argument that he was not aware of the contents of the documents. Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)("A finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant since . . . the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered.").

Thus, the Court finds that the records from the divorce proceedings may be considered here without converting the 12(b)(6) motion into a motion for summary judgment.

b. Res Judicata and Collateral Estoppel

Ebin argues that, as set forth in the documents she has submitted from the Banker v. Banker divorce, the courts awarded the Apartment to Ai as separate property, and, as such, Ai was free to convey the apartment to Ebin without Banker's notification or consent. Ebin argues that Banker's instant claims would require the re-litigation of ownership issues already raised and decided in the divorce proceedings. Based on the prior divorce proceedings, Ebin argues that the doctrines of res judicata and collateral estoppel[7] bar Banker's claims because exclusive ownership of the Apartment was already awarded to Ai. The documents from the state divorce litigation put forth by Ebin include a chain of state court opinions, reports, and

---

[7] Federal courts cannot employ their own res judicata rules in determining the effect of state judgments. Marrese v. Am. Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985). Instead, they must "accept the rules chosen by the State from which the judgment is taken." Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82 (1982). Under New York's transactional approach to deciding res judicata issues, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v. City of Syracuse, 429 N.E.2d 1158, 1159 (N.Y. 1981).
"The doctrine of collateral estoppel precludes a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point." Kaufman v. Eli Lilly & Co., 482 N.E.2d 63, 67-68 (N.Y. 1985). The identical issue must have been decided in the divorce proceeding before Banker is collaterally estopped from litigating the issue in the instant proceeding. Id.

9

pleadings.  As set forth above, none of the court opinions on appeal in the divorce proceedings explicitly mentioned Apartment 8G.  However, the JHO Report referenced Ai's claims to separate property as made in her Post-Trial Memorandum, which discussed the Apartment in detail.

Yet, even assuming that the Apartment was designated as separate rather than marital property in the state court proceedings, this does not conclusively establish for the purposes of this motion to dismiss that Ai had exclusive title to the Apartment following the divorce.  Under New York law, a determination that the Apartment was separate property in the divorce proceedings does not necessarily resolve all ownership interests with respect to the spouses' property.  In a New York divorce action, the matrimonial court must draw a distinction between two types of property: marital and separate. See Price v. Price, 503 N.E.2d 684, 685 (N.Y. 1986).  Marital and separate property are distinguished in order to determine what is subject to equitable distribution in the divorce proceedings.  "Under Domestic Relations Law § 236(B)(1)(c) and (d), marital property is subject to equitable distribution, and separate property is not."  Sarafian v. Sarafian, 528 N.Y.S.2d 192, 195 (App. Div. 3d Dep't 1988); see also N.Y. Dom. Rel. Law § 236 (McKinney 2006) ("Separate property shall remain such.").  Marital property includes property acquired during the marriage, Sementilli v.

Sementilli, 477 N.Y.S.2d 626, 632 (App. Div. 1st Dep't 1984), whereas separate property would include "property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse." N.Y. Dom. Rel. Law § 236 (B)(1)(d)(1) (McKinney 2006).

As was argued by Ai in her Post-Trial Memorandum in the divorce proceedings, "any property acquired by an individual prior to marriage, or jointly by a man and woman who later marry, retains its identity as such, along with its concomitant rights of management, control and freedom of disposition." Post-Trial Memorandum at 26 (emphasis added). The act of marriage does not alter the ownership interest of joint tenants, nor does a divorce in all cases. Novak v. Novak, 516 N.Y.S.2d 878, 879 (Sup. Ct. 1987). If separate property is jointly held, as Banker contends Apartment 8G was after the divorce, any change in the parties' interests would be made through an action for partition. Id. ("During the lifetimes of the joint tenants, their interests are partitionable, on the basis of their separate contributions to acquisition and improvement."). An action for partition allows tenants-in-common to terminate the joint interest by judicial determination of each party's interests in the property, followed by the physical division of the property, or if division is not possible, by the sale of the property. See Loughran v. Cruickshank, 778 N.Y.S.2d 225, 227

11

(App. Div. 3d Dep't. 2004). Since the equitable distribution process is distinct from an action for partition, a finding of separate property does not foreclose a subsequent action for partition between the parties to the divorce proceedings. See Novak, 516 N.Y.S.2d at 879 ("The lands which are the subject of this partition action are proper matter for partition under RPAPL § 901, but not for equitable distribution under Domestic Relations Law § 236(B) because they are separate property."). Thus, joint ownership can persist after a property is deemed separate.[8] Brownell v. Brownell, 646 N.Y.S.2d 221, 222 (Sup. Ct. 1996)("[T]o find that the property is separate property does not resolve the issue as to what rights either party has in these items.").

Accordingly, if the property in this case was jointly held before the divorce, the findings of the New York State courts during the Banker v. Banker divorce do not conclusively establish that it was not jointly held by Banker and Ai at the time of its sale to Ebin.[9] As stated in the Complaint, Banker

---

[8]   This is because the New York divorce laws were not meant "to alter . . . existing substantive property law principles." Kahn v. Kahn, 371 N.E.2d 809, 812 (N.Y. 1977). Thus, merely holding that property is separate rather than marital should not ipso facto alter title to the property.
[9]   Ebin dedicates several pages of her Reply Memorandum to an argument that can be summarized as follows: a) the divorce proceedings determined the Apartment to be Ai's "sole" property and therefore the remedy of partition did not have to be addressed, but b) if partition was not raised, it cannot be litigated here because the court in the divorce action "shall determine the respective rights of the parties in their separate or marital property." Reply Mem. at 7-8 (citing N.Y. Dom. Rel. Law §§ 234, 234 Part B (2)). Ebin's argument fails on both counts, however. First, at no point in any of the

alleges that he owned the Apartment with Ai as tenants-in-common when it was sold. Ebin's attempt to counter with the record of the divorce proceedings fails because a finding that the Apartment was "separate" property does not necessarily contradict Banker's claim of ownership. Accordingly, neither res judicata nor collateral estoppel have been esteablished by the Defendant in her motion to dismiss, as a determination during the divorce proceedings that the property was separate rather than marital is not inconsistent with Banker's pleadings. On a motion for summary judgment or at trial, Defendants may yet prove that Ai held exclusive title to the Apartment at the time of its sale. At this stage in the litigation, however, based on the documents properly before the Court, Ebin has not shown that Banker did not retain some ownership interest in the Apartment following the divorce. Thus, Ebin cannot prevail in her

---

divorce documents put before this Court was it determined that the Apartment was the "sole" property of Ai, but instead, the finding was that it was "separate." Ebin's attempt to equate "separate" and "sole" on the face of the documents before the Court cannot be supported in light of the case law discussed above. Furthermore, based on the records before it on this motion to dismiss, it does not appear to the Court that there was a dispute regarding title to the Apartment (or, as Ebin attempts to frame it, "competing claims") that was necessary for the courts to resolve in the divorce proceedings. Cf. Brownell v. Brownell, 646 N.Y.S.2d 221, 222 (Sup. Ct. 1996)(making a determination of title regarding property held prior to marriage based on proof put forth by both sides as to its ownership). Instead, the parties did not dispute whether the Apartment was owned by Banker and Ai in a joint tenancy, and, as discussed above, New York law would permit them to emerge from divorce with this property interest unchanged. While additional discovery may show otherwise, Ebin has not shown in her motion to dismiss that the joint tenancy was disputed during the divorce or sole ownership awarded to Ai.

13

argument that all claims against her should be dismissed at this time.

   c. Adequacy of Banker's Claims for Relief

i.  Replevin

Ebin argues that any claim for replevin put forth by Banker with respect to the cooperative shares and proprietary lease must be dismissed. In general, an action for replevin is appropriate when one party seeks recovery of stolen personal property, "even if it is in the possession of a good-faith purchaser for value." See Solomon R. Guggenheim Found. v. Lubell, 569 N.E.2d 426, 429 (N.Y. 1991)(citations omitted). However, an interest in real property is not the proper subject of an action for replevin. Walden v. Feller, 164 N.Y.S. 493, 494 (Sup. Ct. 1917).

Here, Banker seeks the return of the proprietary lease and shares appurtenant to Apartment 8G. See Compl. at 5(¶ 21), 23 (¶ 6). Ebin argues that while the demand is for the shares and lease, the suit in fact relates to real property concerns and not possession of these particular papers. The Court finds that Ebin's position is well-supported by the case law in this respect. For some purposes, a cooperative apartment is not real property under New York law as "the apartment is leased to its 'owner' by the cooperative corporation; what the lessee owns is stock in that corporation." Trepel v. Diop, 02 Civ. 7726 (GEL),

14

2003 U.S. Dist. LEXIS 17501 (S.D.N.Y. Oct. 2, 2003). However, the present case concerns a determination of who among the parties holds title to Apartment 8G. See Walden, 164 N.Y.S. at 494 ("While it is true that a writ of replevin will lie for the recovery of a deed, when the object is to recover possession of the specific paper, and not to test the right to the land which it in terms conveys . . . the writ will not lie . . . [where] the controversy involves determination of title to the land described in the deed.").[10] As such, no cause of action for replevin may lie.

    ii.   Ejectment

Should it be found eventually in this case that no ownership interest transferred from Ai to Ebin, Banker could, however, recover his interest in the apartment from Ebin through his action for ejectment. See, e.g., Ian v. Wassberg, 431 N.E.2d 626 (N.Y. 1981)(holding that proprietary leaseholder was entitled to bring an action for ejectment against unlawful occupant of cooperative apartment); Pollard v. Meyer, 402 N.Y.S.2d 15, 15 (App. Div. 1st Dep't 1978)(granting summary judgment motion bringing action for ejectment against unlawful occupant of cooperative apartment); Societe Anonyme Belge

---

[10]    In his opposition to the motion to dismiss, Banker does not offer argument or case law to demonstrate that an action for replevin is appropriate where a cooperative apartment has been transferred. Instead, Banker attempts to downplay this cause of action by stating that the word "replevin" appears only in the Summary of the Complaint and not in the section detailing the relief sought.

d'Exploitation de la Navigation Aerienne v. Feller, 492 N.Y.S.2d 756, 757-58 (App. Div. 1st Dep't 1985) (involving an employer bringing an action for ejectment against employee to recover cooperative apartment purchased for employee by the employer). Since "[t]he shares of a cooperative corporation and the proprietary lease are inseparable and must be transferred together to make any transfer valid," see United States v. 110-118 Riverside Tenants Corp., 886 F.2d 514, 517 (2d Cir. 1989), should Banker ultimately prevail, the Court may fashion an equitable remedy that returns to Banker both the proprietary lease and the co-op shares. See Roller v. Frankel, 189 N.Y.S.2d 444, 446 (App. Div. 3d Dep't 1959)(noting that the court may follow equitable principles when "entering a judgment vesting title in one of the litigants"). Thus, as the case proceeds, ejectment as well as other forms of relief in equity may be available to Plaintiff.

Ebin argues that even if Ai and Banker were tenants in common, as Banker alleges in his Complaint, the sale of the property by Ai to Ebin transferred Ai's 50% ownership. As such, following the closing, Ebin became no less than owner of an undivided 50% share of the cooperative shares and proprietary lease, and a co-tenant with Banker against whom an action for ejectment is not appropriate. However, if Banker is successful in showing that Ai forged his signature to convey the property,

then no ownership interest could have been transferred through the tainted transaction. See Crispino v. Greenpoint Mortgage Corp., 758 N.Y.S.2d 367, 367 (App. Div. 2d Dep't. 2003) (holding that a husband's deletion of wife from deed by forgery precluded claim by mortgagee). Thus, assuming the facts plead by Banker as true, Ebin would not have a 50% interest in the property, especially if, as alleged in the Complaint, she was not a bona fide or innocent purchaser of the property.[11]

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss the Complaint is DENIED. All parties are directed to appear at a conference to discuss the status of this case on April 17, 2008 at 3:00 p.m. in Courtroom 18B, U.S. Courthouse, 500 Pearl Street, New York, NY.

**SO ORDERED:**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         April 7, 2008

---

[11] This Court makes no determination of Ebin's bona fide purchaser status or as to whether Ai actually forged Banker's signature on the transfer documents, as is alleged in the Complaint.