UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BROOKS BANKER,                      :
                    Plaintiff,      :
                                    :     06-CV-4998(BSJ)
                                    :
                                    :     **Order**
                                    :
AMY AI, 51 WEST 81ST STREET CORP.,  :
RUDD REALTY MANAGEMENT CORP.,       :
ESTHER ZELMANOVITZ,                 :
STANLEY TISCHLER,                   :
and LOIS EBIN,                      :
                    Defendants.     :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**



Defendant Lois Ebin's ("Ebin") Motion for Reconsideration is governed by Local Rule 6.3. It is appropriate for a party seeking reconsideration of a motion under Local Rule 6.3 to point to "controlling decisions or factual matters that were put before [the Court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Greenwald v. ORB Commc'ns & Mktg., Inc., 00 Civ.1939, 2003 WL 660844, *1 (S.D.N.Y. Feb. 27, 2003)(internal quotations and citations omitted). A movant may not, however, "advance new facts, issues or arguments not previously presented to the Court," or "reargue those issues already considered." Gjoni v. Home Depot Inc., 99 Civ. 1849, 2002 WL 91623, *1 (S.D.N.Y. Jan. 23, 2002)(Jones, J.) (citations omitted). This strict standard seeks to discourage litigants from making

1

repetitive arguments on issues that already have been considered by the court or from offering new arguments on a motion the court has already decided. Id.; see also Greenwald, 2003 WL 660844, at *1 ("Local Rule 6.3 should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.") (citations and quotation marks omitted).

In the present case, Ebin's motion for reconsideration only sets forth arguments that are repetitive of those considered by the Court in its Order dated April 7, 2008 with respect to whether the record of state court proceedings provided to this Court conclusively establish that Plaintiff had no ownership in Apartment 8G following the Banker v. Banker divorce. Accordingly, the motion for reconsideration is denied.

**SO ORDERED:**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York
April May 5 2008